UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JEFFREY R. LeBLANC,

    Plaintiff,       Case No. 1:16-cv-540

v.               Honorable Paul L. Maloney

PAMELA L. LIGHTVOET,

    Defendant.
_____/

## OPINION

    This is a civil rights action brought by Jeffrey R. LeBlanc, a state prisoner, pursuant to 42 U.S.C. § 1983.[1] Plaintiff paid the $400.00 civil action filing fee.[2] Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed on grounds of immunity and failure to state a claim.

---

[1] Roland LeBlanc, Jeffrey LeBlanc's father, also is listed as a Plaintiff in the complaint and appears to have drafted the complaint. However, only Jeffrey LeBlanc signed the complaint. Because Roland LeBlanc did not sign the complaint, he is not considered a Plaintiff in this action.

[2] Plaintiff Jeffrey LeBlanc is barred from proceeding *in forma pauperis* in this Court because he has "three strikes" within the meaning of 28 U.S.C. § 1915(g).

**Factual Allegations**

According to the Michigan Department of Corrections (MDOC) Offender Tracking and Information System, Plaintiff pleaded *nolo contendere* in the Kalamazoo County Circuit to malicious destruction of personal property valued between $1,000 and $20,000. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=333019. On September 3, 2013, Kalamazoo County Circuit Court Judge Pamela L. Lightvoet sentenced Plaintiff to imprisonment of eighteen months to five years. In his complaint, Plaintiff sues Judge Lightvoet, claiming that she lacked personal and subject matter jurisdiction to impose a criminal sentence against him. Plaintiff further asserts the following defects in the criminal proceedings:

> I never made a[n] appearance in a[n] 8th District courtroom for a probable cause hearing or preliminary examination or a[n] adult bind over, I never made a[n] appearance for a felony information arraignment, I was never informed of the nature and cause of the accusation, I was denied a public trial, the court did not appoint me a court appointed attorney for my defense by order of the court . . . .

(Compl., ECF No. 1, PageID.9.)

Plaintiff further alleges that during his incarceration with the MDOC, he was sexually assaulted and raped numerous times by two male and three female corrections officers, which resulted in all three of the female corrections officers becoming pregnant.

Plaintiff seeks injunction relief, including immediate release from prison. He also requests an investigation by the U.S. Marshall of the sexual assaults that occurred during Plaintiff's incarceration.

**Discussion**

The majority of Plaintiff's complaint is dedicated to attacking his criminal conviction. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus

and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights in the criminal proceedings resulting in his conviction, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called

into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.[3]

Plaintiff also fails to state a claim against Judge Lightvoet arising from his allegations of sexual assault during his incarceration with the MDOC. Plaintiff does not allege that Defendant Lightvoet had any involvement whatsoever in those events. A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Judge Lightvoet engaged in any active unconstitutional behavior related to the alleged sexual assaults. Accordingly, he fails to state a claim against her.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), on grounds of immunity and failure to state a claim.

---

[3] Plaintiff's claims against Judge Lightvoet arising from his criminal conviction and sentence also appears to be barred by judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  May 27, 2016                               /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   United States District Judge